IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| ROBERT CAMPBELL JR. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jane Doe, ("Plaintiff") for her Complaint against Defendant Robert Campbell, Jr., ("Defendant") states as follows:

## PARTIES

1.     Plaintiff is a former resident of Summit County, Ohio, currently residing outside of the United States. At all times relevant to the underlying matter, Plaintiff was a resident of Summit County, Ohio. Plaintiff files this Complaint under a pseudonym pursuant to 15 U.S.C. § 6851(b)(3)(B) and requests the court grant injunctive relief maintaining the Plaintiff's confidentiality through use of a pseudonym in a motion filed contemporaneously.

2.     Defendant is a resident of Portage County, Ohio.

## JURISDICTION

3.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over all state-law claims pursuant to 28 U.S.C. § 1367.

4.      Personal jurisdiction and venue are proper, as Defendant resides in Portage County, Ohio. 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

5.      On or about July 10, 2020, Plaintiff was informed by her former romantic partner that several explicit, private photographs of her were published on the Internet on various pornography websites.

6.      The private images were photographs taken by Plaintiff of herself in various states of undress (hereinafter, "the Images"). The Images depict the Plaintiff's uncovered, fully exposed breasts and/or genitals. Plaintiff is identifiable in the Images by virtue of her face appearing in the Images and from her personal information displayed in connection with the Images, including her full name, place of employment, and contact information.

7.      Plaintiff has never consented to the distribution of the Images to third parties or publication of the Images online or otherwise. Plaintiff only agreed to create and share the Images with her then-romantic partner, based on the understanding that the Images would remain private, confidential, and not be distributed beyond the relationship.

8.      Plaintiff has never been in a romantic relationship with Defendant. Plaintiff did not share or otherwise distribute the Images to Defendant.

9.      Because the Images were disseminated with the Plaintiff's full name, location, and place of employment, Plaintiff has been repeatedly contacted and harassed by numerous anonymous individuals who have found the Images online.

10.     In 2020, Plaintiff reported the nonconsensual dissemination of her Images to her local police department. During the course of the investigation, Defendant admitted to unlawfully obtaining the Images from Plaintiff's devices and disseminating them online, along

with her personal information, without Plaintiff's consent. Defendant admitted to disseminating the Images online via several online accounts, including one on the website ImageFap.com.

11.     Plaintiff agreed not to pursue legal action upon the condition that Defendant undergo therapy.

12.     On or about May 5, 2023, an anonymous individual contacted Plaintiff informing her that the Images had been republished on several pornography websites. Upon investigating, Plaintiff discovered the Images had been republished on many platforms, including Erome.com, alongside non-explicit photographs of Plaintiff which she published on her social media pages between 2021 and 2023.

13.     Plaintiff's social media accounts were restricted such that only approved friends and family members could view photographs published on her accounts. Defendant had access to those photographs.

14.     Plaintiff obtained user data from both Imagefap.com and Erome.com indicating that an individual using the same email address set up the accounts used to publish her Images.

15.     On September 8, 2023, Defendant admitted to Plaintiff's investigator that he published the new photos and Images of the Plaintiff intentionally and without the Plaintiff's consent.

16.     As a direct and proximate result of the Defendant's tortious conduct, Plaintiff has sustained and will continue to sustain general and special damages. Plaintiff has incurred substantial financial damages in an attempt to mitigate the damage caused by Defendant's actions and will continue to do so because the Images are being continuously published online.

17.     Plaintiff has also suffered extreme emotional distress, among other injuries, arising from the theft and nonconsensual distribution of her Images and personal information.

## FIRST CAUSE OF ACTION
## 15 U.S.C. § 6851 – Civil Action Relating to Disclosure of Intimate Images

18.     Plaintiff incorporates all of the allegations contained within the foregoing paragraphs as if fully restated herein.

19.     In or about May 2023, Defendant disclosed Plaintiff's Images in or affecting interstate or foreign commerce using the Internet.

20.     Plaintiff did not consent to the disclosure of her intimate Images by Defendant or any other third parties.

21.     Plaintiff's body appears in whole and/or in part in the Images, which depict her face, likeness, and uncovered genitals and breasts.

22.     Plaintiff is recognizable from the Images because the Images include her face and because Defendant disclosed Plaintiff's name, employer, contact information, and/or other personal information about Plaintiff with the Images.

23.     Defendant knew that Plaintiff did not consent to the disclosure of her intimate Images and/or acted with reckless disregard in disclosing the images without her consent.

24.     As a direct and proximate result of the nonconsensual disclosure of her intimate Images, Plaintiff has suffered and sustained, and will indefinitely continue to suffer and sustain, both economic and non-economic damages, including but not limited to, liquidated damages in the amount of $150,000.00 and/or actual damages, whichever is greater, in an amount to be proven at trial.

25.     Defendant's conduct was malicious, oppressive, and/or in reckless disregard of the Plaintiff's rights and as such Plaintiff seeks punitive damages.

26.     Additionally, monetary damages alone are insufficient to fully remedy Plaintiff's damages, Plaintiff seeks injunctive relief prohibiting Defendant from continuing to display and/or disclose Plaintiff's Image by any means.

**SECOND CAUSE OF ACTION**
**O.R.C. § 2307.66 – Civil Action for Dissemination of Images**

27.     Plaintiff incorporates all of the allegations contained within the foregoing paragraphs as if fully restated herein.

28.     Plaintiff is over the age of 18.

29.     The Images clearly identify Plaintiff, both by the inclusion of her face and simultaneous publication of her name, employer, contact information, and other personal information.

30.     The Images depict Plaintiff's intimate body parts and depict her in vulnerable positions that are sexual and explicit in nature.

31.     Without Plaintiff's consent, Defendant intentionally disseminated the Plaintiff's Images to hundreds of people online via the Internet on multiple occasions between 2020 and 2023.

32.     Defendant knew that Plaintiff did not consent to the dissemination of her intimate Images.

33.     Plaintiff had a reasonable expectation of privacy in the Images and that her Images would not be stolen or distributed elsewhere.

34.     Upon information and belief, Defendant knew that disseminating the Plaintiff's Images without her consent would cause the Plaintiff to suffer extreme emotional distress.

35.     Upon information and belief, Defendant disclosed the Images with the intent to harm and harass Plaintiff.

36.     Defendant's dissemination of her Images have caused the Plaintiff harm and severe emotional distress.

37.     As a direct and proximate result of the nonconsensual distribution of her Images, Plaintiff has suffered and sustained, and will continue to suffer and sustain, both economic and non-economic damages, including but not limited to compensatory and actual damages in an amount to be proven at trial.

38.     Defendant's conduct was intentional, wanton, and malicious and as such Plaintiff additionally sees punitive damages.

39.     Additionally, monetary damages alone are insufficient to fully remedy Plaintiff's damages, Plaintiff seeks injunctive relief prohibiting Defendant from continuing to display and/or disclose Plaintiff's Images by any means.

**THIRD CAUSE OF ACTION**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

40.     Plaintiff incorporates all of the allegations contained within the foregoing paragraphs as if fully restated herein.

41.     Defendant intentionally and unlawfully obtained the Images from Plaintiff's electronic devices without her authorization, consent, or knowledge. Defendant subsequently published Plaintiff's Images on the Internet without her knowledge or consent.

42.     Defendant's conduct in unlawfully obtaining and publishing the Images is extreme and outrageous such that it goes beyond all bounds of decency such that it should not be tolerated in a civilized society.

43.     Defendant intentionally caused Plaintiff emotional distress and/or knew or should have known that his actions would result in serious emotional distress to the Plaintiff.

44. Plaintiff has suffered extreme emotional distress as a result of the Defendant's conduct.

45. Defendant's actions were the direct and proximate cause of Plaintiff's injuries.

46. As a direct and proximate result of the nonconsensual distribution of her Images, Plaintiff has suffered and sustained, and will continue to suffer and sustain, both economic and non-economic damages, including but not limited to compensatory and actual damages in an amount to be proven at trial.

47. Defendant's conduct was intentional, wanton, and malicious and as such Plaintiff additionally sees punitive damages.

## FOURTH CAUSE OF ACTION
## INVASION OF PRIVACY – INTRUSION UPON SECLUSION

48. Plaintiff incorporates all of the allegations contained within the foregoing paragraphs as if fully restated herein.

49. Defendant intruded upon the Plaintiff's private affairs by accessing and obtaining her private Images on her electronic devices.

50. Plaintiff did not consent to the Defendant's access to or possession of her private Images.

51. Defendant's intrusion would be highly offensive to a reasonable person.

52. As a direct and proximate result of the nonconsensual distribution of her Images, Plaintiff has suffered and sustained, and will continue to suffer and sustain, both economic and non-economic damages, including but not limited to compensatory and actual damages in an amount to be proven at trial.

53. Defendant's conduct was intentional, wanton, and malicious and as such Plaintiff additionally sees punitive damages.

**FIFTH CAUSE OF ACTION**
**INVASION OF PRIVACY – PUBLICATION OF PRIVATE FACTS**

54.     Plaintiff incorporates all of the allegations contained within the foregoing paragraphs as if fully restated herein.

55.     Defendant published Plaintiff's private Images to the public at large via the Internet such that the private Images were substantially certain to become one of public knowledge.

56.     The private Images were private in nature, not previously exposed to the public.

57.     Publication of the private Images would be highly offensive to a reasonable person.

58.     Defendant published the Plaintiff's private Images intentionally.

59.     Plaintiff's private Images are not of legitimate public concern.

60.     As a direct and proximate result of the nonconsensual distribution of her Images, Plaintiff has suffered and sustained, and will continue to suffer and sustain, both economic and non-economic damages, including but not limited to compensatory and actual damages in an amount to be proven at trial.

61.     Defendant's conduct was intentional, wanton, and malicious and as such Plaintiff additionally sees punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jane Doe prays that the Court enter judgment against Defendant and relief as follows:

A.     Statutory damages in the amount of $150,000.00 and/or actual and compensatory damages in an amount to be proven at trial;

B.     A permanent injunction prohibiting the Defendant from continuing to display and/or disclose Plaintiff's Image by any means and deletion of the Images from all of Defendant's electronic devices;

C.     Punitive damages;

D.     Attorneys' fees and costs associated with this action;

E.     Any and all other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Katherine O'Brien*
Katherine O'Brien, Esq. (NJ No. 005272012)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
katherine@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483

/s/ *Caroline Ford*
Caroline Ford, Esq. (0101360)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
caroline@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483
(*pro hac vice* motion pending)

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: February 7, 2024

/s/ *Katherine O'Brien*
Katherine O'Brien, Esq.