IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) |
| V. | ) |
| | ) |
| ROBERT CAMPBELL, JR. | )   CIVIL ACTION NO: |
|     Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR A PRELIMINARY INJUNCTION**

Plaintiff Jane Doe ("Plaintiff") hereby respectfully requests, pursuant to 15 U.S.C. § 6851(b)(3)(B) and Fed. R. Civ. P. 65, that the Court allow her to proceed with this matter using the pseudonym "Jane Doe" and that the Court issue a preliminary injunction enjoining the Defendant, Robert Campbell, Jr. ("Defendant"), from continuing to disseminate any intimate images depicting Plaintiff or publicizing her personal information online or otherwise, including identifying her as the plaintiff in this action. Plaintiff's arguments in support of this Motion are set forth fully in the attached Memorandum of Points and Authorities.

Respectfully submitted,

/s/ *Katherine O'Brien*
Katherine O'Brien, Esq. (NJ No. 005272012)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
katherine@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483

1

/s/ *Caroline Ford*
Caroline Ford, Esq. ( 0101360)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
caroline@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483
(*pro hac vice* motion pending)
*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff is the victim of nonconsensual pornography, more commonly referred to as "revenge porn." Defendant has admitted both to Plaintiff and Plaintiff's investigator that at some point in 2020 and 2023, he unlawfully accessed Plaintiff's electronic devices, stole explicit images of the Plaintiff, and published them online on multiple occasions over the last three years. *See* Complaint, ¶¶10-15; Pl. Decl., ¶¶2-6, (attached). Plaintiff never sent her explicit images to the Defendant or otherwise consented for him to obtain, retain, and publish her images in any manner. Pl. Decl. ¶3. The only reason Plaintiff did not pursue claims against Defendant in 2020, upon his admission, is because she provided him with an opportunity to seek mental health counseling on the condition that he would not continue to distribute her images further – an offer which he accepted and then blatantly disregarded when he republished her images online in 2023. Pl. Decl. ¶6.

It wasn't enough for the Defendant to simply publish Plaintiff's images on pornography websites. He published the images with her full name, occupation, place of employment, and contact information. Pl. Decl. ¶6. As a result, Plaintiff has been subjected to extreme harassment from anonymous individuals online who download her images and use them to threaten and humiliate her. Pl. Decl. ¶11. If the Court does not protect her identity by allowing her to proceed under a pseudonym, anyone who views her name on the public docket will be able to find her images online which would put her at risk for further harassment. Likewise, as the Defendant has already proven that he will continue to distribute the Plaintiff's images if left unchecked, a preliminary injunction is necessary to maintain the status quo and prevent further distribution of the Plaintiff's private images.

# **LEGAL ARGUMENT**

**A. Plaintiff should be Permitted to Proceed under a Pseudonym to Protect her Privacy.**

Section 6851 was enacted to provide victims of revenge porn with a civil cause of action. In doing so, it specifically allows federal courts to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. §6851(b)(3)(B). In general, a complaint must state the names of all parties. *See* Fed. R. Civ. P. 10(a). However, there are exceptional circumstances that warrant forms of anonymity in judicial proceedings. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). Although "identifying a plaintiff only by a pseudonym is an unusual procedure", it is appropriate where "prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy," and "there is an important privacy interest to be recognized." *Id; Doe v. Carson,* 2020 U.S. Dist. App. LEXIS 14520, *4-5 (6th Cir. 2020); *Doe H. v. Haskell Indian Nations Univ.,* 266 F. Supp. 3d 1277, 1288 (D. Kan. 2017) (quoting *Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979).

The circumstances in this case weigh in favor of allowing the Plaintiff to proceed under a pseudonym. Plaintiff's private images were published with her full name, employer, and contact information. Compl. ¶9; Pl. Decl. ¶6. As a result, she experiences near-constant harassment from anonymous individuals who find her images and threaten to expose her further. Compl. ¶9; Pl. Decl. ¶11. She has been forced to expend considerable time and resources removing the content from various websites to protect what is left of her privacy. Her association with this case and public identification as the plaintiff would risk further association with the images and increase harassment. Thus, Plaintiff should be permitted to proceed under a pseudonym to protect her privacy and mitigate the risk of harassment.

**B. A Preliminary Injunction is Necessary to Prevent Defendant from Republishing Plaintiff's Private Images.**

Section 6851 also provides that a court may order equitable relief, including a preliminary injunction, enjoining a defendant from displaying or disclosing the plaintiff's explicit images. 15 U.S.C. §6851(b)(3)(A)(ii). A preliminary injunction may be granted where a plaintiff establishes that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of the preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008).

To succeed on a claim under 15 U.S.C. §6851, a plaintiff must establish that the defendant: (1) disclosed the plaintiff's intimate visual depiction(s), in or affecting interstate or foreign commerce; (2) without the plaintiff's consent; (3) where the defendant knew or recklessly disregarded whether plaintiff had consented to the disclosure. 15 U.S.C. §6851(b)(1)(A). An "intimate visual depiction" is any photo, video, or other visual image that depicts either: (1) the uncovered genitals, pubic area, or post-pubescent female nipple of an identifiable individual; or (2) an individual engaging in sexually explicit conduct including graphic sexual intercourse, masturbation, or lascivious exhibition of the genitals or pubic area of any person. *See* 15 U.S.C. §6851.

Plaintiff is likely to succeed on the merits of her Section 6851 claim. Defendant has admitted to the Plaintiff to distributing her content in 2020 on ImageFap.com. Compl. ¶10. The same email address used on that account was used on the account on which the Plaintiff's images were published in 2023 on Erome.com. Compl. ¶12. Defendant additionally admitted to distributing Plaintiff's images to a private investigator. Compl. ¶15; Pl. Decl. ¶9. Defendant distributed her images knowing that Plaintiff did not consent to the distribution. Compl. ¶15.

5

Each of the other elements weighs in Plaintiff's favor. Plaintiff will suffer irreparable harm without a preliminary injunction. If Defendant is not expressly restricted from continuing to distribute her private images online, Plaintiff will experience additional damage from the increased publicity given to her images and, likely, increased threats and harassment as a result. A balance of equities weighs in favor of Plaintiff. Defendant will not suffer any undue prejudice or otherwise be burdened from being restricted from his continued efforts to distribute the Plaintiff's private images. Likewise, the public has no interest in Plaintiff's images being made public. Rather, as codified in Section 6851, the public has an interest in preventing the dissemination of intimate images without consent.

Plaintiff, therefore, requests that the Court enter a preliminary injunction to enjoin the Defendant from disclosing any intimate images depicting the Plaintiff, as well as disclosing her personal information and identity as the Plaintiff in this action.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to proceed under a pseudonym and for a preliminary injunction.

Respectfully submitted,

/s/ *Katherine O'Brien*
Katherine O'Brien, Esq. (NJ No. 005272012)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
katherine@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483

/s/ *Caroline Ford*
Caroline Ford, Esq. ( 0101360)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
caroline@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483
(*pro hac vice* motion pending)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I filed the foregoing with the Court's electronic filing system and issued via personal service to the Defendant at the following address:

Robert Campbell, Jr.
10361 Wentworth St.,
Streetsboro, OH 44244

/s/ *Katherine O'Brien*
Katherine O'Brien, Esq. (NJ No. 005272012)
Katherine O'Brien Law
344 Grove Street, Suite 500
Jersey City, NJ 07302
katherine@katherineobrienlaw.com
Ph: (856) 832-2482
Fax: (856) 832-2483

7